**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 1:19-cv-00139-RM-NYW

RICHARD RALPH GUARNEROS,

     Plaintiff,

v.

DENVER GREEN PARTY,

     Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff Richard Ralph Guarneros's ("Guarneros") motion for default judgment (ECF No. 29). After Defendant Denver Green Party was served with the complaint and Summons, via Andrea Mérida (ECF No. 21), and failed to respond, Guarneros moved for entry of default; the Clerk of Court entered default on September 5, 2019 (ECF No. 27). In his current motion, Guarneros requests entry of default judgment under Fed. R. Civ. P. 55(b)(2). For the reasons given below, the motion is denied without prejudice.

I.    **LEGAL STANDARDS**

"[E]ven after entry of default the Court must decide whether the unchallenged facts create a legitimate basis for entry of judgment." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted); *Tripodi v.*

*Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (default judgment committed to court's sound discretion).

Before the Court may grant a motion for default judgment, it must take several steps. First, the Court has an affirmative duty to ensure its jurisdiction over both the subject matter of the action and the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment against defendant over whom court has no personal jurisdiction is void). Next, the Court should consider whether the well-pled allegations of fact—which are admitted by a defendant upon default— support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 764 (by his default, defendant relieved plaintiff from having to prove complaint's factual allegations; the judgment, however, must be supported by sufficient basis in the pleadings).

## II.   BACKGROUND[1]

This case involves the alleged unauthorized use and alteration of a copyrighted image. Specifically, Guarneros, a resident of Colorado, alleges that he owns a federal copyright registration in a photograph of a Denver City Park Sunset (VA 2-132-208) ("Photograph"), which he offers for sale on his Fine Art America website. (ECF No. 8, ¶¶ 7–10.) He alleges that the Denver Green Party ran an article on its website, entitled *Denver Green Party recommendations for the 2018 municipal ballot questions*, which featured the Photograph as the picture lead or representative image. (*Id.* ¶ 11.) Denver Green Party does not have a license and did not receive permission to use the Photograph from Guarneros. (*Id.* ¶ 12.) As the result of Denver Green Party's conduct, Guarneros brought this action asserting copyright infringement (17 U.S.C. § 501) and unauthorized alteration of the Photograph's copyright

---

[1] Guarneros attaches the complaint (ECF No. 1) to his motion, but had previously amended the complaint, correcting the named defendant from Green Party of Colorado to Denver Green party (ECF No. 8).

management information by removing information that identified Guarneros as the photographer and adding Denver Green Party's own logo (17 U.S.C. § 1202(b)).

### A. Motion for Default Judgment

Guarneros now seeks judgment of liability on both counts, as well as actual and statutory damages under 17 U.S.C. §§ 504(b), 1203(c)(3)(B)[2] and attorney's fees and costs[3] and post-judgment interest under 28 U.S.C. § 1961. (ECF No. 29.)

Guarneros's motion with the attached affidavit of his then attorney Richard Liebowitz generally reiterate the allegations of fact present in his First Amended Complaint. The remainder of the affidavit focuses entirely on the Court's ability to enter default judgment on the issue of damages and calculation of attorney's fees and costs but does not address the elements of liability or specifically identify which alleged facts support entering judgment on which claim. (ECF No. 29-1, ¶¶ 12–24.)

### III.   ANALYSIS

### A. Jurisdiction

*Subject matter jurisdiction.* The Court has subject matter jurisdiction where Guarneros alleges a federal question under the Copyright Act, 17 U.S.C. § 101 *et seq.* (ECF No. 8, ¶ 2); *see* 28 U.S.C. §§ 1331, 1338(a).

*Personal jurisdiction.* Before deciding whether this Court has personal jurisdiction over Denver Green Party, it must address the adequacy of service. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). Guarneros asserts the Denver Green Party, an organization[4] with a place of business at 1271 W. Gill Place, Denver, Colorado 80223, was served via its registered agent

---

[2] $3,000 and $10,000, respectively.
[3] $2,550 and $440, respectively.
[4] The Court recognizes that the Denver Green Party holds itself out as an affiliate of the Green Party of Colorado and owns and operates its own website: https://denvergreenparty.org/.

Andrea Mérida on April 9, 2019. (ECF Nos. 8, ¶ 6; 29-1, ¶ 26; 29-4.) Although the original

complaint was brought against Denver Green Party's parent organization, service was made on

Denver Green Party's registered agent, and the complaint sufficiently identified the subject of the

lawsuit as a photograph that used without authorization on Denver Green Party's website. The

Court finds this service sufficient under Fed. R. Civ. P. 4(c) and comports with constitutional

notions of due process. *See Rios Properties v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.

2002) ("the method of service crafted by the district court must be reasonably calculated, under

all the circumstances, to apprise interested parties of the pendency of the action and afford them

an opportunity to present their objections.") (quoting *Mullane v. Cent. Hanover Bank & Trust

Co.*, 339 U.S. 306, 314 (1950)) (internal quotes omitted).

Guarneros further alleges that personal jurisdiction exists in Colorado where Denver

Green Party has a place of business in Colorado.[5] (ECF No. 8, ¶ 6.) Consequently, the Court

finds Colorado has personal jurisdiction over Denver Green Party.

## B.  Claims

Guarneros's motion, however, fails to show default judgment may enter on his First

Amended Complaint. Here, the motion only substantively addresses the Court's ability to enter

judgment on damages without identifying the factual allegations upon which Guarneros relies to

establish liability under 17 U.S.C. §§ 501, 1202. *See Mitchell v. City of Moore*, 218 F.3d 1190,

1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make

[plaintiff's] argument for him."). Should Guarneros file another motion for default judgment he

should (1) set forth the elements for each of his claims; and (2) identify the specific facts alleged

in the First Amended Complaint and any affidavit or other information that supports judgment in

---

[5] In the same paragraph, Guarneros includes the allegation that the Denver Green Party owns and operates a website (*see supra* note 4) without further explanation as to this allegation's relevance. (ECF No. 8, ¶ 6.)

his favor as to such claims and the relief sought.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES without prejudice Guarneros's motion

for entry of judgment on default (ECF No. 29).

DATED this 14th day of September, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge