IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-00139-RM-NYW

RICHARD RALPH GUARNEROS,

    Plaintiff,

v.

DENVER GREEN PARTY,

    Defendant.

___

**ORDER**
___

    This matter is before the Court on Plaintiff Richard Ralph Guarneros's ("Mr. Guarneros") second motion for default judgment (ECF No. 48). After Defendant Denver Green Party was served with the complaint and Summons, via Andrea Mérida (ECF No. 21), and failed to respond, Mr. Guarneros moved for entry of default; the Clerk of the Court entered default on September 5, 2019 (ECF No. 27). In his current motion, Mr. Guarneros requests entry of default judgment under Fed. R. Civ. P. 55(b)(2). For the reasons given below, the motion is GRANTED.

**I.    LEGAL STANDARDS**

    "[E]ven after entry of default the Court must decide whether the unchallenged facts create a legitimate basis for entry of judgment." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted); *Tripodi v.*

*Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (default judgment committed to court's sound discretion).

Before the Court may grant a motion for default judgment, it must take several steps. First, the Court has an affirmative duty to ensure its jurisdiction over both the subject matter of the action and the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment against defendant over whom court has no personal jurisdiction is void). Next, the Court should consider whether the well-pled allegations of fact—which are admitted by a defendant upon default— support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 764 (by his default, defendant relieved plaintiff from having to prove complaint's factual allegations; the judgment, however, must be supported by sufficient basis in the pleadings). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *See Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009).

## II.  BACKGROUND[1]

This is Mr. Guarneros's second attempt at entry of default judgment against Denver Green Party. (*See* ECF No. 29.) Though the background was provided in this Court's previous denial of entry of default judgment ("Prior Order") (ECF No. 47), the facts are relatively straightforward and will be reiterated here.

This case involves the alleged unauthorized use and alteration of a copyrighted image. Specifically, Mr. Guarneros, a resident of Colorado, alleges that he owns a federal copyright registration in a photograph of a Denver City Park Sunset (VA 2-132-208) ("Photograph"), which he offers for sale on his Fine Art America website. (ECF No. 8, ¶¶ 7–10.) He alleges

---

[1] Guarneros attaches the complaint (ECF No. 1) to his motion, but had previously amended the complaint, correcting the named defendant from Green Party of Colorado to Denver Green Party (ECF No. 8).

that Denver Green Party ran an article on its website, entitled *Denver Green Party recommendations for the 2018 municipal ballot questions*, which featured the Photograph as the picture lead or representative image. (*Id.* ¶ 11.) Denver Green Party does not have a license and did not receive permission to use the Photograph from Mr. Guarneros. (*Id.* ¶ 12.) As the result of Denver Green Party's conduct, Mr. Guarneros brought this action asserting copyright infringement (17 U.S.C. § 501) and unauthorized alteration of the Photograph's copyright management information ("CMI") by removing information that identified Mr. Guarneros as the author and adding Denver Green Party's own logo (17 U.S.C. § 1202(b)).

### A. Motion for Default Judgment

Mr. Guarneros now seeks judgment of liability on both counts, as well as actual damages under 17 U.S.C. § 504(b), statutory damages under 17 U.S.C. § 1203(c)(3)(B),[2] attorney's fees and costs,[3] and post-judgment interest under 28 U.S.C. § 1961. (ECF Nos. 48; 49, ¶¶ 23–38.)

Mr. Guarneros's motion with the attached affidavit of his current attorney Craig B. Sanders walks through each of the two counts, citing the relevant facts and case law that support the entry of judgment as to each. (ECF No. 49, ¶¶ 6 – 18 (17 U.S.C. § 501), ¶¶ 19–22 (17 U.S.C. § 1202).) Mr. Sanders's affidavit also provides arguments related to the appropriate measure of damages under each count. (*Id.* ¶¶ 23–34.)

In terms of attorney's fees, Mr. Sanders provides an explanation for only his billing entries and hourly rate and refers to the affidavit previously filed by Mr. Guarneros's previous attorney, Richard Liebowitz, which discusses Mr. Liebowitz's time. (*Id.* ¶¶ 35–37); *see also* (ECF No. 29-1, ¶¶ 21–23.).

### III. ANALYSIS

---

[2] $1,600 and $10,000, respectively.
[3] $4,350 and $440, respectively.

### A. Jurisdiction

In its Prior Order, this Court found both subject matter and personal jurisdiction to exist. *See* (ECF No. 47, at 3) (finding subject matter jurisdiction where Mr. Guarneros alleges a federal question under 17 U.S.C. § 101 *et seq.*); (*id.* at 3–4) (finding Denver Green Party was subject to this Court's personal jurisdiction). The Court incorporates those findings herein by reference.

### B. Claims for Relief

Mr. Guarneros now moves for entry of default judgment as to the two counts in his First Amended Complaint: (1) copyright infringement under 17 U.S.C. § 501; and (2) removal of CMI under 17 U.S.C. § 1202.

1. Copyright Infringement (17 U.S.C. § 501)

"A copyright-infringement plaintiff must establish both (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1109 (10th Cir. 2020).

Based on the undisputed facts as presented in the First Amended Complaint, the instant motion, and Mr. Sanders's affidavit, inclusive of exhibits, taken as true in light of Denver Green Party's default, Mr. Guarneros has set forth an adequate claim for copyright infringement. Mr. Guarneros is the owner of the copyright of the Photograph (ECF Nos. 8, ¶¶ 7, 9, 10; 8-1; 49, ¶ 14; 49-1) and, as such, he has the exclusive rights to reproduce, publicly display, or distribute the Photograph, and authorize others to do the same.[4] 17 U.S.C. § 106.

According to Mr. Guarneros, Denver Green Party failed to obtain Mr. Guarneros's

---

[4] Guarneros has presented to this Court a copy of Registration Number VA0002132208, registered to Richard Ralph Guarneros on December 18, 2018 with a date of publication of November 20, 2014 – the Photograph's registration as exhibited by the United States Copyright Office. (ECF No. 49-1); *see also* 17 U.S.C. § 410(c) (A Certificate of Registration, if timely obtained, constitutes prima facie evidence of the validity of the copyright.); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 (10th Cir. 1993) (citing *Autoskill v. Nat'l Education Support Systems, Inc.*, 994 F.2d 1476, 1487 (10th Cir. 1993), *overruled on other grounds by*, *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011)) (same).

permission when it used the Photograph on its website. (ECF Nos. 8, ¶¶ 11, 12; 49, ¶ 17.) "Once the plaintiff has shown that it holds a valid copyright, it must next prove that the defendant unlawfully appropriated protected portions of the copyrighted work." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993). This question has two components – factual copying and substantial similarity. Copying as a factual matter means the defendant must actually appropriate the plaintiff's work. *Dutcher v. Bold Films LP*, 822 Fed. App'x 858, 861 (10th Cir. 2020) (citing *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012)). Second, the substantial similarity component means "there must be substantial similarity between the allegedly infringing work and the elements of the copyrighted work that are legally protected [by the Copyright Act]." *Id.* (internal quotations omitted). "To decide the substantial similarity issue, a court must determine (1) which elements of the copyrighted work are protectable, and (2) whether these elements are substantially similar to the accused work." *Id.* (quoting *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016)) (internal quotations omitted).

Here, Mr. Guarneros alleges Denver Green Party used the entirety of the Photograph and merely superimposed text over it. (ECF Nos. 8, ¶ 11; 8-3; 49, ¶ 17.) Mr. Guarneros has established that Denver Green Party used the entirety of the protected elements of the Photograph, and it did so without seeking permission or a license from Mr. Guarneros. *See La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1179 (10th Cir. 2009) ("Striking similarity exists when the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded."); *see also Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 425 (S.D.N.Y. 2018) (finding actual copying took place where the original and infringing work were "the same photograph"). The superimposition of text over the identical photograph is of no consequence as

5

Denver Green Party uses or used the entirety of the protected portion of Mr. Guarneros's copyright. Therefore, this Court finds Mr. Guarneros has established he is entitled to entry of default judgment as to his first claim for relief – copyright infringement under 17 U.S.C. § 501 – and that his motion on this claim for the same is granted.

2. Removal/Alteration of CMI (17 U.S.C. § 1202)

Mr. Guarneros alleges that Denver Green Party copied the Photograph directly from his Fine Art America webpage. (ECF No. 8, ¶ 19.) According to Mr. Guarneros, there existed an author credit next to the Photograph. (*Id.*; ECF No. 8-2.) However, when Denver Green Party appropriated the Photograph for its own webpage use, it did not include the author credit and superimposed its own logo over the Photograph. (ECF Nos. 8, ¶ 21; 8-3.)

Section 1202 of the Digital Millennium Copyright Act ("DMCA") deals with CMI. Section 1202(b) provides in part:

> No person shall, without the authority of the copyright owner or the law—
> (1) Intentionally remove or alter any copyright management information, [or]
>
> [. . .]
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

Section 1202(c) defines "copyright management information" as certain types of "information conveyed in connection with copies . . . of a work . . . , including in digital form, . . . (2) [t]he name of, and other identifying information about, the author of a work. . . ."[5]

Violation of § 1202(b)(1) of the DMCA requires proof that a defendant, (1) without Mr.

---

[5] Only the type of information identified in subsection (2) is at issue in this case.

Guarneros's authority, (2) intentionally removed or altered any copyright management information (3) knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal an infringement of the federal copyright laws. *See Boatman v. United States Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1275 (D. Colo. 2014) (citing *Gordon v. Nextel Communs. & Mullen Advertising, Inc.*, 345 F.3d 922, 927 (6th Cir. 2003)).

The Tenth Circuit has not spoken on the context of section 1202(c) (e.g., whether it applies only to "automated copyright protection or management systems"), the scope of the phrase "conveyed in connection with," and how the CMI must be related to the copyright-protected work. However, at least one circuit has done so. *See Murphy v. Millennium Radio Group LLC*, 650 F.3d 295, 305 (3d Cir. 2011). In *Murphy*, the Third Circuit determined that a cause of action under § 1202 may lie regardless of the form in which the CMI is conveyed. *Id.* (addressing the removal of a photograph author's name in a printed gutter credit). The Court finds the *Murphy* court's reasoning persuasive. Accordingly, this Court concludes Mr. Guarneros has established he is entitled to entry of default judgment as to his second claim for relief – removal or alteration of CMI under 17 U.S.C. § 1202 – and that his motion on the second claim is granted.

### C. Damages

The amount of damages must be ascertained before a final judgment can enter against a party. *Arslani v. UMF Group, Inc. et al.*, No. 19-cv-1117-WJM-KLM, 2020 WL 6779072, at *3 (D. Colo. Nov. 18, 2020) (citing *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984)). Claims for money damages must be supported by actual proof. *Id.* (citing *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949)); *see also Stockart.com, LLC v. Engle*, No. 10-cv-00588-MSK-MEH, 2011 WL 10894610, at *12 (D. Colo. Feb. 18, 2011) (conclusory affidavit is

insufficient to establish damages). "The burden is on the plaintiff to establish entitlement to recovery of damages against a defaulting defendant." *Stockart.com*, 2011 WL 10894610, at *12.

1. Actual Damages – Copyright Infringement (17 U.S.C. § 504(b))

"A person whose copyright has been infringed may choose to recover either actual or statutory damages." *Id.* (citing 17 U.S.C. § 504(b)) ("[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages."). "Actual damages for copyright infringement are governed by § 504(b), which states that '[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement,' but does not elaborate on how the damages are to be calculated." *Jarvis v. K2 Inc.*, 486 F.3d 526, 533 (9th Cir. 2007). One way to measure actual damages in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work is to assess "what a willing buy would have been reasonably required to pay to a willing seller for plaintiff['s] work." *Id.* (internal quotations omitted).

Mr. Guarneros seeks $1,600.00 in actual damages for copyright infringement arguing he would have been willing to license the Photograph for a political/governmental use for a duration of three years for that amount. (ECF No. 49, ¶¶ 23–32.) In support of his argument, Mr. Guarneros provides evidence that he would have licensed a "similar" photograph under these circumstances for $1,590.00. (ECF Nos. 49, ¶27; 49-2.) Mr. Guarneros also notes the imprecision of the instant damages calculation due to the fact that as a function of having defaulted neither Mr. Guarneros nor the Court is able to determine Denver Green Party's profits from having used the Photograph without authorization. (ECF No. 49, ¶¶ 28–29.) Mr. Guarneros, however, does not include a request for profits in his damages calculation.

That being said, given the evidence submitted by Mr. Guarneros, the Court finds a reasonable calculation of actual damages and that which is supported by actual evidence is $1,590.00 – the amount Mr. Guarneros would have received had Denver Green Party legally licensed the Photograph. *See On Davis v. The Gap, Inc.*, 246 F.3d 152, 164 (2d Cir. 2001) (citing William F. Patry, *Copyright Law and Practice* 1167 (1994) ("Within reason, any ambiguities should be resolved in favor of the copyright owner")); *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 778 F.2d 89, 95 (2d Cir. 1985) (when faced with imprecision in calculating profits resulting from the infringement, "the court should err on the side of guaranteeing the plaintiff a full recovery").

    2. <u>Statutory Damages – Alteration/Removal of CMI (17 U.S.C. § 1203(c)(3)(B))</u>

The DMCA provides courts may award statutory damages between $2,500.00 and $25,000.00 for violating 17 U.S.C. § 1202(b). 17 U.S.C. § 1203(c)(3)(B). Mr. Guarneros requests $10,000.00 for a single violation. (ECF No. 49, ¶ 34.) In support of this request, Mr. Guarneros provides a number of cases wherein, as here, the defendants defaulted. (*Id.*); *see Stockart.com*, 2011 WL 10894610, at *14 (awarding $10,000.00 per violation). The Court likewise finds $10,000.00 for the violation of section 1202(b) is appropriate here.

**D. Attorneys' Fees**

Mr. Guarneros also moves for attorneys' fees under 17 U.S.C. § 1203(b)(5).[6] (ECF No. 49, ¶¶ 35–37); *see* 17 U.S.C. § 1203(b)(5) ("the court [. . .] in its discretion may award reasonable attorney's fees to the prevailing party"). "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need

---

[6] Mr. Guarneros also cites 17 U.S.C. § 1203(b)(5) in support of his argument that he be awarded costs as well as attorneys' fees. Section 1203(b)(5), however, addresses only attorney's fees – section 1203(b)(4) provides this Court the authority in its discretion to award costs. *See* 17 U.S.C. § 1203(b)(4).

be met, although the fee awarded must be reasonable." *Stockart.com*, 2011 WL 10894610, at *16 (citing *Girlsongs v. 609 Industries, Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008)). The Court uses a three-step process to evaluate a motion for attorneys' fees. *See Atlas Biologicals, Inc. v. Kutrubes*, No. 1:15-cv-00355-CMA-KMT, 2020 WL 3893566, at *2 (citing *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987)).

First, the Court determines the number of hours reasonably spent by counsel for the prevailing party. *Id.* (citing *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996)). "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citing *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1256 (10th Cir. 1998)) (internal quotations omitted). "The factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task." *Id.* (citing *Rocky Mountain Christian Church v. Bd. of Cty. Comm'rs of Boulder Cty.*, No. 06-cv-00554, 2010 WL 3703224, at *2–3 (D. Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The second step is to determine a reasonable hourly rate of compensation. *Ramos*, 713

F.2d at 555. "A reasonable hourly billing rate is defined as the prevailing market rate in the relevant community for an attorney of similar experience." *Nutritional Biomimetrics, LLC v. Empirical Labs Incorporated*, No. 16-cv-01162-KMT, 2017 WL 10777667, at *3 (D. Colo. Sept. 1, 2017) (citing *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002)). "A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable." *Nutritional Biomimetrics*, 2017 WL 10777667, at *3. The requesting party bears "the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).

Finally, the Court multiplies the reasonable hourly rate by the number of hours reasonably expended to determine the lodestar amount. *Hensley*, 461 U.S. at 433. "The court has the discretion to make an upward or downward adjustment based upon the particular circumstances." *Atlas Biologicals*, 2020 WL 3893566, at *3 (citing *Xtreme Coil Drilling Corp. v. Encana Oil & Gas (USA), Inc.*, 958 F. Supp. 2d 1238, 1255 (D. Colo. 2013)).

That being said, the Court's Local Rule 54.3 requires that a motion for attorney's fees must be supported by affidavit and a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and a summary of relevant qualifications and experience. D.C.COLO.LCivR 54.3. The moving party bears the burden of proving his entitlement to an award, as well as the appropriateness of the hours expended and the hourly rates sought. *Hensley*, 461 U.S. at 437.

In this case, Denver Green Party not only infringed upon Mr. Guarneros's copyright but also removed the copyright information that would have otherwise shown Mr. Guarneros is the author of the Photograph. Denver Green Party did not seek and did not receive permission to do

11

so. Consequently, the Court determines Mr. Guarneros is entitled to recover reasonable attorneys' fees and costs in this matter.

Through the course of this lawsuit, Mr. Guarneros has at various times been represented by two separate attorneys – Mr. Liebowitz and Mr. Sanders. The Court addresses each in turn.

1. Mr. Liebowitz's Attorney Fees

This case was originally filed January 15, 2019, by Mr. Liebowitz. This Court is familiar with Mr. Liebowitz's exploits. *See, e.g.*, *Mondragon v. Nosrak LLC*, No. 19-cv-01437-CMA-NRN, 2020 WL 6686499, at *1 (D. Colo. Nov. 12, 2020) (collecting cases and outlining Mr. Liebowitz's concerning behavior). That being said, aside from the initial motion for entry of default judgment not having the contents necessary to determine Mr. Guarneros was entitled to entry of judgment, Mr. Liebowitz has not had much of an opportunity to interact with this Court.[7] In any event, Mr. Liebowitz had previously requested attorney's fees in the amount of $2,550.00 for billing six hours at a rate of $425/hour. (ECF No. 29-1, ¶¶ 21–23.) In support of his argument, he notes that he is a founding member and managing partner of Liebowitz Law Firm, PLLC and a 2015 graduate of the Maurice A. Dean School of Law at Hofstra University. Since January 2016, he extolls his achievement of having filed over 1,000 copyright infringement lawsuits in the United States District Courts for the Southern District and Northern District of New York alone. It is through these lawsuits from which he argues he developed expertise in the field. Giving Mr. Liebowitz's own start date, the Court notes he has been practicing law, generally, for between four and five years.

---

[7] One could suppose improperly filing a motion for entry of default judgment is simply another example of Mr. Liebowitz's now infamous work product. But the reality is that this Court is no stranger to motions for entry of judgment without prejudice for failure to comply with the Federal Rules of Civil Procedure. The Court does not view a singular instance as sanctionable or gratuitous for the purposes of determining the amount of attorney's fees to award.

With respect to the hours to which Mr. Liebowitz attests, the Court concludes six hours expended from initial receipt of the case information to filing the first motion for entry of default judgment is reasonable.

His hourly billing rate of $425/hour, however, is unreasonable for his relative experience and the prevailing rates in the marketplace. Mr. Liebowitz premises his rate on the fact that other New York partners receive comparable or much higher rates. (ECF No. 29-1, ¶ 23) (collecting cases). However, a review of the cases cited by Mr. Liebowitz does not support the requested rate. *See* (ECF No. 29-1, ¶ 23.) For example, in *Regulatory Fundamentals Group LLC v. Governance Risk Management Compliance, LLC*, the court noted that New York partners with *sixteen to thirty-four years* of experience have billing rates ranging from $485 to $735. *Regulatory Fundamentals*, No. 13 Civ. 2493(KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014). Importantly, Mr. Liebowitz appears to place enormous emphasis on the fact that these cases reference partners, which he admittedly is,[8] and omits the necessary qualifier – experience. In other words, Mr. Liebowitz firmly places the cart before the horse and argues his status as a partner provides a basis for a "partner rate," but pays no mind to the fact that he has been practicing only five years. He makes no argument that any of these examples involve comparable levels of *experience*. Additionally, the Court doubts Mr. Liebowitz can even support an hourly rate comparable to the lower end of the partner rate given his reputational issues. *See Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661, at *22 (S.D.N.Y. June 26, 2020) (ordering Mr. Liebowitz within thirty days to file "a copy of this Opinion and Order on the docket of any currently pending case that was brought by Mr. Liebowitz or his firm").[9]

---

[8] Or, rather, he was a partner as his firm when he filed the first motion for entry of default judgment and affidavit. This Court, however, is unfamiliar with his status within his firm at the time of this Order.

[9] Mr. Liebowitz was not required to file this order in this case because his motion to withdraw as attorney was granted on June 18, 2020, eight days before Judge Furman's order. Judge Furman's order also provides that Mr.

Instead of focusing on the title Mr. Liebowitz effectively provides himself, this Court is more concerned with his experience, which the Court finds does not meet his projected hourly billing rate. In support of the Court's conclusion, it considers the Colorado Bar Association's 2017 Economics of Law Practice Survey ("ELPS").[10] For comparable attorneys (i.e., attorneys who share a similar number of years in practice), the ELPS provides a median hourly billing rate between $200 and $225.[11] The number of attorneys at Liebowitz Law Firm, PLLC may reasonably imply a range from $200 to $298.[12] The ELPS also shows only a small percentage of practitioners bill over $400/hour.[13]

Given Mr. Liebowitz's years of practice, level of skill, and experience, the Court concludes the prevailing market rate in the community for similar services by comparable lawyers is $250/hour. Therefore, the Court grants Mr. Liebowitz's attorney's fees in the amount of $1,500.00.

2. Mr. Sanders's Attorney Fees

In addition, Mr. Guarneros furnished the Court with a Declaration of Craig B. Sanders, attorney and founding partner of the law firm Barshay Sanders PLLC, in support of his portion of the total award, which is $1,800.00. Mr. Sanders attests that he has practiced law for twenty-eight years focusing heavily on copyright and trademark matters and charges an hourly rate of $600.00. Mr. Sanders is barred in six states and before thirty-two federal courts.

In terms of the time spent on this matter, Mr. Sanders's role was relatively limited after he took over for Mr. Liebowitz. Notably, the first motion for entry of default judgment was still

---

Liebowitz is to notify all of his clients of the sanction as well as notification to any case filed in the future for a year.
[10] http://www.cobar.org/portals/COBAR/repository/2017EconomicSurvey.pdf.
[11] The average is not much farther off: $203 – $225.
[12] The 25th and 75th percentiles, respectively.
[13] Eight percent with a population of 801 respondents.

pending, and Denver Green Party still had not appeared. Consequently, the majority of time Mr. Sanders spent on this case was written-off. Specifically, Mr. Sanders spent only three billed hours actively participating in this case, the majority of which was reviewing the docket and drafting and filing the instant motion for entry of default judgment. The Court finds the amount of time Mr. Sanders spent in this case is reasonable.

He attests that his hourly rate is within the range of hourly billing provided by (i) American Intellectual Property Law Association's ("AIPLA") 2017 Report of the Economic Survey and (ii) the United States Attorney's Office Attorney's Fees Matrix for attorneys with 21-30 years of experience who practice in the Washington, D.C. area. The Court finds this hourly billing rate reasonable. Therefore, the Court grants Mr. Sanders's portion of the requested attorneys' fees in the amount of $1,800.00.

Consequently, the Court grants Mr. Guarneros attorneys' fees in the total amount of $3,300, apportioned according to this Order.

## IV. CONCLUSION

Based on the foregoing, it is ORDERED:

(1) That Plaintiff Ralph Guarneros's Renewed Motion for Entry of Default Judgment (ECF No. 48) is GRANTED as stated herein and the following amounts are awarded:

   (i) Actual damages under 17 U.S.C. § 504(b) - $1,590.00;

   (ii) Statutory damages under 17 U.S.C. § 1203(c)(3)(B) - $10,000; and

   (iii) Attorneys' fees - $3,300, apportioned in accordance with this Order;

(2) That Mr. Guarneros is awarded costs under 17 U.S.C. § 1203(b)(4) and shall within 14 days of the date of this Order file a bill of costs, in accordance with the

      procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court;

(3)     That, pursuant to 28 U.S.C. § 1961, post-judgment interest shall run from the date judgment is entered until the date of the judgment is satisfied; and

(4)     That the Clerk shall enter JUDGMENT in favor of Plaintiff Richard Guarneros and against Defendant Denver Green Party and shall close this case.

DATED this 2nd day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge